UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CONSTANCE HINES and MARSHAY
HINES,

      Plaintiffs,      1:06-CV-1517
                  (GTS/RFT)
v.

THE CITY OF ALBANY; ALBANY CHIEF OF
POLICE JAMES W. TUFFEY; ASSISTANT
CHIEF STEVEN KROKOFF; and OFFICERS
BRIAN QUINN, JEFF ROBERTS, JOHN MONTE,
ALFRED MARTIN, BRIAN PLANTE, ROBERT
MULLIGAN, TIM HAGGERTY, JEFFREY HYDE,
ROBERT SHUNCK, and MICHAEL HAGGERTY,

      Defendants.
_____

APPEARANCES:            OF COUNSEL:

COOPER ERVING & SAVAGE LLP     PHILLIP G. STECK, ESQ.
 Counsel for Plaintiffs         KIMBERLY G. FINNIGAN, ESQ.
39 North Pearl Street
Albany, NY 12207

THOMAS MARCELLE, ESQ.       THOMAS MARCELLE, ESQ.
 Counsel for Plaintiffs
Albany County Attorney's Office[1]
112 State Street, Suite 1010
Albany, NY 12207

REHFUSS, LIGUORI & ASSOCIATES, P.C.  STEPHEN J. REHFUSS, ESQ.
 Counsel for Defendants
40 British American Boulevard
Latham, NY 12110

HON. GLENN T. SUDDABY, United States District Judge

---

[1] As of the date of filing of this Decision and Order, attorney Thomas Marcelle is County Attorney for the County of Albany. The Court notes, however, that during his representation of the plaintiffs in this matter, Attorney Marcelle was in private practice.

**DECISION and ORDER**

Currently before the Court in this civil rights action is a motion by Defendants to stay enforcement of this Court's June 13, 2014 Judgment awarding plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988 as well as an application for waiver of supersedeas bond. (*See* Dkt. No. 119, 122.) Plaintiffs oppose the motion. For the following reasons, Defendants' motion is denied.

**I.     RELEVANT BACKGROUND**

Familiarity with the factual and procedural history of this action is presumed and will not be recited in this Decision and Order, which is intended primarily for the review of the parties. *See Hines v. City of Albany*, No. 06-cv-1517, 2011 WL 2620381 (N.D.N.Y. Jul. 1, 2011) aff'd, 520 F. App'x 5 (2d Cir. 2013); *Hines v. City of Albany*, 542 F. Supp. 218 (N.D.N.Y. 2008). Rather, the Court will only briefly summarize the relevant procedural background leading up to the current motion.

Subsequent to the filing of a mandate by the Court of Appeals for the Second Circuit, affirming the July 1, 2011 decision of United States Senior District Judge Neal P. McCurn, which, among other things, granted summary judgment to Plaintiffs on Constance Hines' unlawful seizure claim, Plaintiffs filed a motion for attorney's fees. Plaintiffs sought $213,395 in attorney's fees and $1,548.62 in costs. Defendants opposed the motion on the ground, among others, that Plaintiffs were not the prevailing party. This Court granted in part and denied in part Plaintiff's motion, awarding them $132,217.75 in attorney's fees and $1,548.62 in costs. In doing so, the Court found that Plaintiff Constance Hines prevailed on the merits of her claim that certain of the Defendants, including the City of Albany, violated her constitutional rights regarding the seizure and retention of her vehicle. (*See* Dkt. No. 116.)

Thereafter, Defendants filed a Notice of Appeal and Plaintiffs filed a Notice of Cross Appeal regarding this Court's Order and Judgment awarding attorney's fees and costs. (*See* Dkt. No. 120, 125.)

### A. Defendants' Motion

Generally, in support of their motion for a stay of judgment and application for a waiver of supersedeas bond, Defendants assert the following five arguments. First, Defendants argue, they are likely to succeed on their argument that Plaintiffs were not the prevailing party because (1) Plaintiffs' success here was on a "technical issue of whether [Constance Hines] was entitled to a hearing while her vehicle was being detained," an issue which was "singular and easily separated from the other ninety[] causes of action" in this case; and (2) the law strongly favors Defendants because the issue on which Plaintiffs prevailed was not inextricably intertwined with the other ninety[] causes of action in this case. (Dkt. No. 122-1 at 5 [Defs.' Mem. of Law].) Second, Defendants argue, there is a risk of irreparable harm if a bond is required to effectuate the stay of judgment because the City of Albany would be immediately harmed by having to pay for the bond which would be "unduly burdensome and an unjustifiable injury" to Defendants during the pendency of the appeal. (*Id*. at 5-6.) Third, Defendants argue, there are no third parties who would be harmed by the issuance of a stay. (*Id*. at 6.) Fourth, Defendants argue, the public interest would be harmed in the absence of a stay because enforcing the judgment would unduly burden innocent taxpayers during the pendency of the appeal. (*Id.* at 6-7.) Fifth, and finally, Defendants argue that waiver of supersedeas bond is necessary because filing the bond would irreparably harm Defendants and waiver would not impose any risk on Plaintiffs. (*Id.* at 7-8.)

Generally, in opposition to the current motion, Plaintiffs assert the following five arguments. First, Plaintiffs argue, Defendants have failed to make a showing that they are likely to succeed on the merits of their appeal because it is beyond dispute that Plaintiff Constance Hines is the prevailing party in this action. (*See* Dkt. No. 128 at 4-7 [Pls.' Mem. of Law].) Second, Plaintiffs argue, Defendants will not be irreparably harmed absent a stay and Defendants have failed to make a showing of harm beyond a monetary loss that is small compared to the City of Albany's budget. (*Id.* at 8-9.) Third, Plaintiffs argue, Defendants assert that a stay will substantially harm other parties and therefore, this factor weighs in their favor, when in fact, there is no evidence of such harm here. (*Id*. at 9-11.) Fourth, Plaintiffs argue, Defendants fail to establish how taxpayers will be seriously prejudiced by enforcement of the Judgment pending appeal. (*Id*. at 11-12.) Fifth, and finally, Plaintiffs argue, Defendants fail to meet their burden to show why a supersedeas bond should be waived. (*Id.* at 13-15.)

## II. GOVERNING LAW

### A. Motion for a Stay of Judgment

When considering whether to grant a stay of a judgment pending appeal under Rule 62 of the Federal Rules of Civil Procedure, a district court should evaluate four factors: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." *Blossom South, LLC v. Sebelius*, No. 13-CV-6452, 2014 WL 204201, at *2 (W.D.N.Y. Jan. 17, 2014) (quoting *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir.2002)). "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Blossom South, LLC*, 2014 WL

4

204201, at *2 (quoting *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749 (2009) (citations, quotations, and alterations omitted)). Finally, it is the party seeking a stay that bears the burden of establishing its need. *See Whitehaven S.F., LLC v. Spangler*, No. 13-CV-8476, 2014 WL 5510860, at *1 (S.D.N.Y. Oct. 31, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 1651 (1997)).

  B. **Waiver of Supersedeas Bond**

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, when a party appeals a final judgment, the appellant may obtain a stay of execution or enforcement of that judgment by posting a supersedeas bond. *See* Fed. R. Civ. P. 62(d). *See also* N.D.N.Y. L.R. 67.1(d) ("A supersedeas bond, where the judgment is for a sum of money only, shall be in the amount of the judgment plus 11% to cover interest and any damage for delay as may be awarded, plus $250 to cover costs."). The purpose of this bond is (1) to allow appellant to appeal without first satisfying the judgment; (2) to protect the appellee's right to collect the judgment; and (3) to guarantee the appellee the costs of delay. *See Morgan Guaranty Trust Co. v. Republic of Palau*, 702 F. Supp. 60 (S.D.N.Y.1988), vacated on other grounds, 924 F.2d 1237 (2d Cir.1991). Although the posting of a bond is ordinarily required under Rule 62, district courts have discretion to waive this requirement. *See Federal Deposit Ins. Corp. v. A & R Constr., Inc.*, 921 F. Supp. 153, 154 (E.D.N.Y.1996). The district court may exercise its discretion to grant a stay of judgment with no supersedeas bond or with only a partial supersedeas bond "if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery." *See Morgan Guaranty Trust Co.*, 702 F. Supp. 60 (citing *Texaco Inc. v. Penzoil Co.*, 784 F.2d 1133, 1155 (2d Cir.1986), rev'd on other grounds, 481 U.S. 1 (1987)). Finally, "[t]he burden lies with the

5

moving party to demonstrate why the Court should waive the standard requirement that the appellant post a full supersedeas bond." *De la Fuente v. DCI Telecomm., Inc.*, 269 F. Supp.2d 237, 245 (S.D.N.Y. 2003).

### C. Underlying Motion for Attorney's Fees

Pursuant to Section 1988, "[i]n any action or proceeding to enforce a provision of [42 U.S.C. §1983] . . . , the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988. Under Section 1988, there is a two-part test for determining whether a party is entitled to receive reasonable attorney's fees. First, the party seeking attorney's fees must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S. Ct. 566, 572 (1992). A party is considered a "prevailing party" if "actual relief on the merits of his claim materially alters the legal relationship between the parties." *Rivera v. Horton*, 7 F. Supp. 2d 147, 149 (N.D.N.Y. 1998) (quoting *Farrar*, 506 U.S. at 111-12). An award of nominal damages, through either an enforceable judgment or a court-ordered consent decree, imparts the status of "prevailing party" upon the plaintiff. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 1840 (2001) (implying that a court-ordered consent decree materially alters the legal relationship between the parties as much as an enforceable judgment on the merits); *see also Farrar*, 506 U.S. at 112 ("[A] plaintiff who wins nominal damages is a prevailing party under § 1988."). Where a party obtains prevailing-party status, "the court's discretion to deny a fee award to a prevailing plaintiff is narrow." *N.Y. Gaslight Club, Inc., v. Carey*, 447 U.S. 54, 68, 100 S. Ct. 2024, 2033 (1980). "[I]n [the] absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989) (emphasis in original).

## III. ANALYSIS

After carefully considering the matter, the Court denies Defendants' motion for a stay of the June 13, 2014 Judgment pending appeal, in part for the reasons stated by Plaintiffs in their memorandum of law. (*See generally* Dkt. No. 128 [Pls.' Mem. of Law].) The Court would only add that, based on Defendants' papers in support of their motion for a stay of the Judgment pending appeal, Defendants have failed to make a strong showing that they are likely to succeed on the merits, and have not specified how they will be irreparably injured absent a stay.

First, Defendants fail to meet their burden to show that they are likely to succeed on the merits of their appeal on the basis that they, not Plaintiffs, are the prevailing party. While the Court previously disposed of this argument in its underlying Decision and Order, Defendants' continued exaggeration of the number of causes of action in this litigation, ostensibly with the intent to support their argument that they were the prevailing party in this action, not Constance Hines, requires comment. Specifically, Defendants argue that they "were successful in prevailing on ninety (90) of the ninety-one (91) separate claims" in this action, while Constance Hines only prevailed on one of those claims. (*See* Dkt. No. 107 at 7 [Defs.' Mem. of Law].) In order to arrive at this rather large sum, Defendants explain their math as follows:

> The Plaintiffs' first claim alleged fifty-two (52) separate causes of action as it was brought by both Constance Hines and Marshay Hines against thirteen (13) Defendants, and alleged violations of their Fourth Amendment and Fourteenth Amendment rights (2 Plaintiffs x 13 Defendants x 2 separate causes of action = 56 separate and distinct claims). The Plaintiffs' second claim alleged thirty-nine (39) separate causes of action as it was brought by Constance Hines, was against thirteen (13) Defendants, and alleged violations of her Fourth Amendment, Fifth Amendment and Fourteenth Amendment rights (1 Plaintiff x 13 Defendants x 3 separate claims = 39 separate and distinct claims).

(Dkt. No. 107 at 2-3 [Defs.' Mem. of Law].)

A "cause of action" is defined as "[a] group of operative facts giving rise to *one or more bases for suing[.]*" *Black's Law Dictionary* 214 (7th ed. 1999) (emphasis added). In this litigation, as has been repeatedly explained, there are essentially two causes of action advanced by Plaintiffs. First, that Plaintiffs' Fourth and Fourteenth Amendment rights were violated when they were held for approximately eight hours pending the application for a search warrant, and second, that Constance Hines' Fourth and Fourteenth Amendment rights were violated when her vehicle was seized without probable cause and without a warrant, and when certain of the Defendants, including the City of Albany, failed to provide her with a hearing or any kind of process to determine whether the vehicle should be returned to her or retained by the City. It is the latter of the two causes of action upon which Constance Hines prevailed. Consequently, Defendants' repeated characterization of Constance Hines' success in this litigation as comparatively limited based on their exaggerated calculation of the number of causes of action in this case is misleading.

Next, Defendants argue that there is a risk of irreparable harm if a bond is required to effectuate the stay of judgment because the City of Albany would be immediately harmed by having to pay for the bond which would be "unduly burdensome and an unjustifiable injury" to Defendants during the pendency of the appeal. (Dkt. No. 122-1 at 6.) Even interpreting this argument to state that Defendants would be irreparably harmed by enforcement of the Judgment pending appeal, such damages are compensable monetarily and do not constitute irreparable injury. *See Purdue Pharma L.P. v. Endo Pharmaceuticals Inc.*, 00-CV-8029, 2004 WL 306591, at *2 (S.D.N.Y. Feb. 17, 2004) ("Irreparable harm is harm not readily remediable monetarily."). While Defendants argue that "attorney fees are not considered quantifiable money damages," they fail to cite any legal authority to support their assertion. (Dkt. No. 122-1, at 6.)

For these reasons, Defendants' motion for a stay of enforcement of the June 13, 2014 Judgement pending appeal is denied. Consequently Defendants' application for waiver of a supersedeas bond is denied as moot.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for a stay of judgment pending appeal (Dkt. No. 122) is **DENIED**; and it is further

**ORDERED** that Defendants' application for a waiver of a supersedeas bond (Dkt. No. 122) is **DENIED** as moot.

Dated: January 5, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge